DANAHY, Judge.
Defendant was charged with carrying a concealed firearm and with obstructing and opposing an officer without violence. The trial judge granted his motion to suppress the firearm as evidence and the state appeals. We reverse.
This is a stop and frisk case in which the stop was made on the basis of information received by law enforcement officers from known informants, not on the basis of suspicious activity observed by the officers. In State v. Hetland, 366 So.2d 831 (Fla.2d DCA, 1979), this court held that a stop based solely on information from informants may be valid in Florida notwithstanding that the Florida Stop and Frisk Law, Section 901.151, Florida Statutes (1977), indicates that the circumstances giving rise to a stop must be personally observed by the officer. We held in Hetland that the crucial issue is whether the information received, considering the source from which it was received, bears indicia of reliability.
*145 In this case, law enforcement officers of Pasco County received information from known sources, including New York officials and a local resident, that defendant and two other men from New York were present in Pasco County and that they were usually armed. The local resident furnished descriptions of the three men, the name of the defendant, and the numbers of the license tags on the cars which the men were driving in the area. Another local resident advised that she had been in the company of two of these men and had seen guns on their persons.
We believe the information bore sufficient indicia of reliability. The record shows that the information was acted upon promptly by the issuance of a “BOLO” and that the stop was made in a reasonable manner when one of the vehicles was spotted as a result of that bulletin. Defendant, a passenger in the vehicle, was requested to get out. When he did so, the investigating officers observed a bulge under his left shoulder. They patted defendant down and found a revolver in a shoulder holster under his left arm. It is that revolver which the trial judge ordered suppressed. He did not, of course, have the benefit of our Hetland decision when he entered that order.
We hold that the stop and frisk in this case were valid. Accordingly, the revolver seized from the defendant as a result of that stop and frisk is admissible evidence against him.
Reversed and remanded for further proceedings not inconsistent with this opinion.
HOBSON, Acting C. J., and BOARD-MAN, J., concur.